# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESMERALDO ANTONIO PEREZ, : | | |
| Movant : | No. 4:12-cr-0175 | |
| : | | |
| v. : | (Chief Judge Kane) | |
| : | | |
| UNITED STATES OF AMERICA, : | | |
| Respondent : | | |

## MEMORANDUM ORDER

Before the Court is Movant Esmeraldo Antonio Perez's motion to alter or amend his sentence under Federal Rule of Civil Procedure 59(e). (Doc. No. 35.) The Government filed a response on July 9, 2013. (Doc. No. 37.) For the reasons that follow, the Court will deny the motion.

On July 11, 2012, the grand jury indicted Movant Perez, charging him with illegal re-entry to the United States in violation of 8 U.S.C. § 1326(a) & (b)(2). (Doc. No. 1.) Perez entered a plea of guilty to Count I of the indictment on October 22, 2012, pursuant to a plea agreement that waived his right to appeal or collaterally attack his conviction or sentence in exchange for the Government's recommendation that he receive a minimum guideline range sentence. A presentence report was prepared and his applicable sentencing guideline range was determined to be 57-71 months. Perez moved for a downward departure, arguing that the presentence report overstated his criminal history and that the offense level overstated the seriousness of the offense. On February 26, 2013, the undersigned sentenced Perez to a 46-month term of incarceration, to be followed by two years of supervised release – a sentence below the applicable guideline range. (Doc. No. 34.)

On June 10, 2013, Movant Perez filed the instant motion, requesting that the Court

1

reconsider his sentence. (Doc. No. 35.) Perez argues that a downward departure is warranted "because a criminal history category of IV overstates his criminal history and an offense level of 21 overstates the seriousness of the offense." Perez cites no authority in support of his entitlement to use Rule 59(e) as a vehicle for attacking his sentence. Importantly, even were he to establish that a Rule 59(e) motion is available to provide relief from his sentence, such a motion would be untimely, as Rule 59(e) motions must be filed within 28 days of judgment. Defendant pleaded guilty and waived his right to appeal as well as his right to challenge his conviction or sentence in any collateral proceeding. Thus, the Court will not entertain Perez's attempt to re-litigate the issues already addressed during his sentencing hearing.

**ACCORDINGLY**, on this 25th day of July 2013, **IT IS HEREBY ORDERED THAT** Esmeraldo Antonio Perez's motion to alter or amend judgment (Doc. No. 35) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania